# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# Civil Case No. 1:12-cv-00266-MR
# [Criminal Case No. 1:01-cr-00048-MR-9]

| | |
|---|---|
| TIMNAH RUDISILL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on an initial review of Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255 [Doc. 1]. For the reasons that follow, Petitioner's Section 2255 motion will be dismissed.

## I. BACKGROUND

On August 19, 2002, Petitioner was sentenced to life imprisonment following his conviction by a jury of one count of conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 846 and 841. [Criminal Case No. 1:01-cr-00048, Doc. 277: Judgment in a Criminal Case at 1-2]. Petitioner filed an appeal to the United States Court of Appeals for the Fourth Circuit, and his conviction and sentence was

1

affirmed. United States v. Pryor, 75 F. App'x 157 (4th Cir. Sept. 15, 2003) (unpublished).[1]

On May 18, 2005, Petitioner filed a Section 2255 motion which the Court dismissed after finding that it was untimely filed. [Civil Case No. 1:05cv212, Doc. 2]. Petitioner noted an appeal to the Fourth Circuit which was dismissed by Order entered December 20, 2005. United States v. Rudisill, 159 F. App'x 506 (4th Cir. Dec. 20, 2005) (unpublished).

On August 17, 2012, Petitioner returned to this Court with his second Section 2255 motion challenging his criminal judgment. Petitioner contends that he is entitled to relief based on the Fourth Circuit's opinion in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (*en banc*). Petitioner argues that his prior state drug convictions no longer support his enhanced sentence of life imprisonment. Petitioner moves the Court for an order vacating his life sentence and resentencing him without consideration of his prior state drug convictions.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior

---

[1] Petitioner's co-defendant, Kirk Pryor, was given the lead name in a consolidated appeal.

2

proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

> **(1)** newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> **(2)** a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

The present Section 2255 motion is attacking the same criminal judgment which Petitioner challenged on direct appeal and through his first Section 2255 effort. Petitioner has provided no evidence that he has secured authorization from the Fourth Circuit to file a successive § 2255

motion; therefore this Court is without jurisdiction to consider the merits of the present Section 2255 motion, and it will be dismissed. See United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 Motion [Doc. 1] is **DISMISSED** as successive.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: January 14, 2013

Martin Reidinger
United States District Judge